



# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DONGKUK INTERNATIONAL, INC. and THE * | CIVIL ACTION |
| CHUBB GROUP OF INSURANCE * | |
| COMPANIES * | NO.        00-272 |
| * | |
| versus * | SECTION    " R "  ( 2 ) |
| * | |
| COASTAL CARGO COMPANY, INC. and * | Judge       SARAH S. VANCE |
| MIDWEST MARINE MANAGEMENT * | |
| COMPANY * | Magistrate   Lance M. Africk |
| * * * * * * * * * * * * * * * * * * | |

## MOTION TO COMPEL DISCOVERY

COASTAL CARGO COMPANY, INC. appearing through counsel, moves the Court to order

MIDWEST MARINE MANAGEMENT COMPANY to answer its Interrogatories number two,

respond to its Requests for Production numbers 1 through 4 inclusive, and serve copies of its

responses to plaintiff's discovery for reasons in the accompanying memorandum.

Respectfully submitted,

Charles Hooker # 8417



Suite 1600
1555 Poydras Street
New Orleans, Louisiana 70112
Telephone:     (504) 587-1100
Facsimile:     (504) 587-1107

Counsel for Mover

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DONGKUK INTERNATIONAL, INC. and THE | * | CIVIL ACTION |
| CHUBB GROUP OF INSURANCE | * | |
| COMPANIES | * | NO.        00-272 |
| | * | |
| versus | * | SECTION    " R "   ( 2 ) |
| | * | |
| COASTAL CARGO COMPANY, INC. and | * | Judge       SARAH S. VANCE |
| MIDWEST MARINE MANAGEMENT | * | |
| COMPANY | * | Magistrate   Lance M. Africk |
| * * * * * * * * * * * * * * * * * | * | |

## MEMORANDUM IN SUPPORT OF
## MOTION TO COMPEL DISCOVERY

May it please the Court:

This is a marine cargo case in which plaintiff seeks in excess of $400,000 for damage allegedly done to cold rolled steel coils. Mover is the stevedore who discharged the ship and loaded the barge in New Orleans. MIDWEST MARINE MANAGEMENT COMPANY provided the barge which was found to have a substantial amount of water in its cargo compartment at destination. MIDWEST has cross claimed against Mover.

Mover served MIDWEST with discovery on May 11, 2000. To date MIDWEST has not answered mover's interrogatory number 2, served responses to mover's request for production

numbers 1 through 4 inclusive nor served copies of its answers and responses to plaintiff's discovery.

Mover is unable to complete its discovery or evaluate its exposure to the principal demand or the cross claim in the absence of the information sought from MIDWEST.

According to mover's calculations the date of discovery cutoff is 19 January 2001. Pre-trial conference is 20 February with trial on 12 March 2001.

Mover suggests cause exists to order MIDWEST to answer its interrogatory number 2, serve responses to mover's request for production numbers 1 through 4 inclusive and serve copies of its answers and responses to plaintiff's discovery and so moves the Court.

Respectfully submitted,

Charles Hooker # 8417
Suite 1600
1555 Poydras Street
New Orleans, Louisiana 70112
Telephone:    (504) 587-1100
Facsimile:    (504) 587-1107

Counsel for Mover

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DONGKUK INTERNATIONAL, INC. and THE CHUBB GROUP OF INSURANCE COMPANIES | CIVIL ACTION |
| | NO.        00-272 |
| versus | SECTION  " R "  ( 2 ) |
| COASTAL CARGO COMPANY, INC. and MIDWEST MARINE MANAGEMENT COMPANY | Judge       SARAH S. VANCE |
| | Magistrate   Lance M. Africk |

## INTERROGATORIES TO CROSS CLAIMANT

TO:   MIDWEST MARINE MANAGEMENT COMPANY
through its counsel of record
Mr. René S. Paysse
730 Camp Street
New Orleans, Louisiana 70130

COASTAL CARGO COMPANY, INC. propounds the following Interrogatories to

MIDWEST MARINE MANAGEMENT COMPANY to be answered under oath, in writing within

30 days pursuant to the Federal Rules of Civil Procedure.

In these Interrogatories the following instructions and definitions apply unless otherwise

stated.

A.     "You" or "Your" means any and all representatives or other persons acting on behalf of MIDWEST MARINE MANAGEMENT COMPANY including but not limited to attorneys.

B.     "Person" means natural persons, groups of natural persons acting as individuals, groups of natural persons acting in a collegial capacity (*eg.* as a committee, board of directors, corporations, governmental agency, partnerships, joint ventures and other incorporated or unincorporated business or social entity).

C.     "Barge" means Barge K-408 in which the goods were transported to Memphis on the River Voyage.

D.     "Steel Coils" and "Coils" mean the property transported to the United States aboard the M/V GOLDEN VENTURE and whose alleged damage while in Barge K-408 forms the basis of plaintiff's Complaint.

E.     "Loading" means the loading of the steel coils aboard Barge K-408 by Coastal Cargo Company, Inc. in the Port of New Orleans in October 1998 for transport to Memphis.

F.     "Towboat" means all vessels providing power by which the Barge K-408 transported the coils to Memphis.

G.     "Document" is used in its broadest sense and includes but is not limited to all writings and records of every kind including but not limited to, letters, telegrams, memoranda, reports, studies, calendar and diary entries, maps, pamphlets, manuals, notes, charts, tabulations, analyses, statistical or information accumulations, audits and associated work papers, hearing transcripts, statements, any kind of records of meetings and conversations, film presentations, magnetic tape, sound or mechanical reproductions, all stored compilations of information of any kind which may be retrievable (such as, but without limitation, the content of computer memory or information

storage facilities and computer programs and any instructions or interpretative materials associated with them) and copies of documents which are not identical duplicates of the originals (*eg.* because handwritten or "blind" notes appear on them or are attached to them) whether or not the originals are in your possession, custody or control.

H.    "Agreement" means any contract, understanding or arrangement, (written, oral or otherwise), formal or informal, express or implied, among two or more persons or entities.

I.    "Communication" means the transmission or exchange of information between two or more persons (written, oral or otherwise), through any means, as defined above and includes without limitation, any conversations or discussions whether face-to-face, via telephone, electronic mail or data transmission.

J.    "Meeting" means a contemporaneous presence of any natural persons whether that presence was by chance or prearranged and whether the meeting was formal or informal or occurred in connection with some ongoing activity.

K.    "Identify" and "identity" mean and you are formally requested to state:

With respect to a natural person:

a.    The person's full name;
b.    The person's current or last-known address;
c.    The person's current or last-known telephone number;
d.    The person's current or last-known employer and job title.

With respect to a person other than a natural person:

a.    Its full name and all other names by which it is known or by which it is referred;
b.    Its form of organization (*eg.* corporation, partnership, *etc.*);
c.    The current or last-known address of its principal place of business or office.

With respect to a document:

a.    The type of document (*eg.* letter, agreement, telegram, telex, facsimile,

     memorandum, drawing, *etc.*);

b.    The date of the document and if different from the date which appears on the document, the date the document was actually prepared;

c.    The author of the document;

d.    All signatories on the document;

e.    Identify all addresses on the document;

f.    Identify all who actually received a copy of the document;

g.    The present location of the original of the document;

h.    Identify each custodian of the document or any copy of the document;

i.    If any document responsive to these interrogatories was at any time in your possession, custody or control but is no longer, state whether the document is missing, lost, destroyed or has been transferred, voluntarily or involuntarily, to any person or otherwise disposed of in some manner. You are also formally requested to state the facts and circumstances surrounding the loss of possession, custody or control, including the authorization given if any, to dispose of the document, the date possession, custody or control was lost and the persons who may have knowledge of those circumstances.

With respect to any communication you are formally requested to:

a.    State whether the communication was written, oral or otherwise;

b.    Identify each document that embodies, records, reflects, refers to or summarizes each communication;

c.    State the date of the communication;

d.    Identify each person who participated in the communication;

e.    Identify where the communication took place;

f.    State the substance of the communication.

With respect to any meeting you are formally requested to:

a.    State the date on which it occurred;

b.    Identify the location where it occurred;

c.    Identify each person who participated in or has knowledge of the meeting;

d.    Identify each subject matter discussed at the meeting;

e.    Identify each document that embodies, records, reflects, refers to or summarizes each meeting.

With respect to any policy you are formally requested to:

a.    State when the policy was formulated;

b.    Identify each person who participated in or has knowledge of the manner in which the policy was formulated;

c.    State the substance of the policy;

d.    Identify each document which embodies, records, reflects, refers to or summarizes

the policy.

P.      The use of the singular is to be construed to include the plural and "or" shall be construed as "and" and *vice versa* to bring within the scope of these Interrogatories information which might otherwise be construed to be outside their scope.

Q.      "Investigation" means any action, process, examination, study, inquiry, experiment, research, probe, analysis or inquisition performed by you or in which you participated, which relates to the incident.

R.      When asked to "state" the basis, supporting facts, *etc.* for contentions, conclusions, positions, *etc.* you are formally requested to list in detail, all facts, events, occurrences, information, data and knowledge which either supports or contradicts the contention, conclusion or position.

These Interrogatories are deemed to be continuing.

1.

Please state the full and complete name and address of all owners and of all operators of the Barge at the time the craft was loaded with steel coils by Coastal Cargo Company, Inc.

2.

Please state all incidents resulting in damage and/or structural alteration of the Barge after the date of original construction up to the time of loading of steel coils by Coastal Cargo Company, Inc.

3.

Please state all restrictions, limitations, *etc.* on the procedures, methods, *etc.* to be observed and/or followed in loading the steel coils in October 1998.

4.

Please state the full and complete name, address, employer and title of all persons who observed any portion of the loading of the steel coils in the Barge by Coastal Cargo Company, Inc.

5.

Please state the full and complete name, address, employer and title of all persons who informed you of any aspect of the loading of the steel coils in the Barge by Coastal Cargo Company, Inc.

6.

Please state all draft readings on the Barge immediately before the loading of the steel coils by Coastal Cargo Company, Inc.

7.

Please state all draft readings on the Barge at the completion of the loading of the steel coils by Coastal Cargo Company, Inc.

8.

Please state whether and if so, to what extent there was any sagging or hogging of the Barge on completion of the loading of the steel coils by Coastal Cargo Company, Inc.

9.

Please state the full and complete name, address, employer and title of all persons who approved the loading/stowing of the steel coils in the Barge by Coastal Cargo Company, Inc.

10.

Please state the full and complete name, address, employer and title of all persons who at and/or following completion of loading of the steel coils by Coastal Cargo Company, Inc.,

determined the Barge in its loaded condition could safely be taken in tow for Memphis.

11.

Please state the name of each towboat in whose tow the Barge traveled during the River Voyage together with the full and complete name and address of each and every owner and operator of each and every such towboat.

12.

Please state when, where and how you first learned of the incident which forms the basis of plaintiff's Complaint including each and every action you took or was taken on your behalf as a result of your learning of the incident.

13.

Please state when, where and by what manner you gave notice to Coastal Cargo Company, Inc. of the incident which forms the basis of plaintiff's Complaint.

14.

Please state when, where and by what manner you gave notice to Coastal Cargo Company, Inc. of your claim resulting from the incident which forms the basis of plaintiff's Complaint.

15.

In paragraph four of your Cross Claim you contend Coastal Cargo Company, Inc. is liable to you for its (Coastal's) " ... omissions ... for improper loading and stowage of the cargo into Barge K-408 ..."

Please state each and every fact on which you base such contentions, the full and complete description of each and every document to which reference may or will be made in testimony and/or argument in support of such contentions (whether or not said document or documents are to be

offered for admission into evidence) and the name including nickname, current or last-known address, telephone number and occupation of each and every person whose testimony may or will be offered in support of such contentions.

16.

In paragraph four of your Cross Claim you contend Coastal Cargo Company, Inc. is liable to you for " ... failure properly to secure the stow ..."

Please state each and every fact on which you base such contentions, the full and complete description of each and every document to which reference may or will be made in testimony and/or argument in support of such contentions (whether or not said document or documents are to be offered for admission into evidence) and the name including nickname, current or last-known address, telephone number and occupation of each and every person whose testimony may or will be offered in support of such contentions.

17.

In paragraph four of your Cross Claim you contend Coastal Cargo Company, Inc. is liable to you for " ... failure ... to ... close or properly close and secure the hatches of Barge K-408 upon completion of loading."

Please state each and every fact on which you base such contentions, the full and complete description of each and every document to which reference may or will be made in testimony and/or argument in support of such contentions (whether or not said document or documents are to be offered for admission into evidence) and the name including nickname, current or last-known address, telephone number and occupation of each and every person whose testimony may or will be offered in support of such contentions.

18.

Please state the full and complete name and address of each and every entity, not including

the Chubb Group of Insurance Companies, from whom Dongkuk International, Inc. received money

and/or other consideration as a result of the damage to and/or the damaged Goods.

19.

Please state the names (including nicknames), current or last-known addresses, telephone

numbers and employers of each and every person you have consulted as an expert and of each and

every person you may or will call as an expert at trial including the subject of the person's expertise

and the substance of the person's expected testimony.

Respectfully submitted,

Charles Hooker # 8417
Suite 1600
1555 Poydras Street
New Orleans, Louisiana 70112
Telephone:    (504) 587-1100
Facsimile:    (504) 587-1107

Counsel for COASTAL CARGO COMPANY, INC.

## CERTIFICATE OF SERVICE

I certify these Interrogatories have been served on all counsel of record by deposit of a copy with the United States Postal Service properly addressed, first class postage prepaid at New Orleans, Louisiana on May 11, 2000.

_____
Charles Hooker

8385-2

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DONGKUK INTERNATIONAL, INC. AND THE CHUBB GROUP OF INSURANCE COMPANIES | |
| Plaintiffs | CIVIL ACTION NO.  00-0272 |
| VS. | JUDGE SARAH S. VANCE SECTION: "R" |
| COASTAL CARGO COMPANY, INC. AND MIDWEST MARINE MANAGEMENT COMPANY | MAGISTRATE LANCE M. AFRICK (3) |
| Defendants | |

## ANSWERS TO INTERROGATORIES PROPOUNDED TO MIDWEST MARINE MANAGEMENT COMPANY BY COASTAL CARGO COMPANY

Comes now, defendant, Midwest Marine Management Company, and for answers to interrogatories propounded to it by defendant, Coastal Cargo Company, avers, upon information and belief:

**ANSWER TO INTERROGATORY NO. 1**:    Midwest Marine Management Company was the manager of Barge.  Address: 16160 Westwood Business Park Drive, Ellisville, Missouri 63021.

**ANSWER TO INTERROGATORY NO. 2**:    Unavailable at this time.  This information has been requested and will be produced when received.

**ANSWER TO INTERROGATORY NO. 3**:    Midwest Marine Management Company knows of no restrictions, limitations, etc. on the procedures, methods, etc. to be observed and/or followed in loading the steel coils in October, 1998 other than the usual workmanlike procedures of good stevedoring practices to be followed for loading steel coils which include proper securing of coils when stowing in barges.

**ANSWER TO INTERROGATORY NO. 4**:    Unknown. Midwest Marine Management Company had no one present during loading.  Barge K408 was provided by Midwest Marine Management Company at the request of Celtic Marine Co., Inc.

**ANSWER TO INTERROGATORY NO. 5**:   No one informed Midwest Marine Management of the loading of the steel coils by Coastal Cargo Company.  C. Mark Ledet, surveyor, Merrill Marine Services, Inc. inspected the barge at Memphis, Tennessee after the problems were noted with the coils.  His address is 12231 Manchester Road, St. Louis, Missouri 63131.

**ANSWER TO INTERROGATORY NO. 6**:    Unknown to Midwest Marine Management Company.

**ANSWER TO INTERROGATORY NO. 7**:  See No. 6.

**ANSWER TO INTERROGATORY NO. 8**:  See No. 6.

**ANSWER TO INTERROGATORY NO. 9**:  See No. 6.

**ANSWER TO INTERROGATORY NO. 10**:  See No. 6.

**ANSWER TO INTERROGATORY NO. 11**:  See No. 6.

**ANSWER TO INTERROGATORY NO. 12**:  On October 14, 1998, Wepfer Marine called Midwest Marine Management Company about the barge listing.  C. Mark Ledet of Merrill Marine Services was instructed to investigate and take whatever action necessary to minimize any loss.

**ANSWER TO INTERROGATORY NO. 13**:    Midwest Marine Management Company did not know that Coastal Cargo Company was the loading stevedore at New Orleans.  It is believed that Celtic Marine Co., Inc. may have put Coastal Cargo Company on notice.

**ANSWER TO INTERROGATORY NO. 14**:  See No. 13.

**ANSWER TO INTERROGATORY NO. 15**:    The reports of Merrill Marine Services, Inc., which are being produced in response to Request for Production form the basis of those allegations.  C. Mark Ledet will be produced as a witness.  Other witnesses may be identified as discovery proceeds.

**ANSWER TO INTERROGATORY NO. 16**:  See no. 15.

**ANSWER TO INTERROGATORY NO. 17**:  See No. 15.

**ANSWER TO INTERROGATORY NO. 18**:  This interrogatory is not properly addressed to this defendant.

**ANSWER TO INTERROGATORY NO. 19**:  Not identified at this time.

Respectfully submitted,

RENE' S. PAYSSE, SR. (Bar #10367)
COURTENAY, FORSTALL, HUNTER & FONTANA
730 Camp Street
New Orleans, Louisiana 70130
Telephone: (504) 566-1801
Counsel for Defendant, Midwest Marine Management
Company

## CERTIFICATE OF SERVICE

I certify that the foregoing has been mailed to all counsel by placing a copy in the

United States mail, postage prepaid and properly addressed, this *17th* day of November,

2000.

RENE' S. PAYSSE, SR.

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DONGKUK INTERNATIONAL, INC. and THE CHUBB GROUP OF INSURANCE COMPANIES | * * * | CIVIL ACTION |
| | * | NO.        00-272 |
| versus | * | SECTION    " R "  ( 2 ) |
| | * | |
| COASTAL CARGO COMPANY, INC. and MIDWEST MARINE MANAGEMENT COMPANY | * * * | Judge        SARAH S. VANCE |
| | | Magistrate    Lance M. Africk |
| * * * * * * * * * * * * * * * * * | * | |

## REQUEST FOR PRODUCTION AND INSPECTION
## TO CROSS CLAIMANT

TO:    MIDWEST MARINE MANAGEMENT COMPANY
through its counsel of record
Mr. René S. Paysse
730 Camp Street
New Orleans, Louisiana 70130

COASTAL CARGO COMPANY, INC. requests MIDWEST MARINE MANAGEMENT

COMPANY produce and permit inspection and copying of the following documents and/or things

at 10.00 a.m. Wednesday, June 13, 2000 in Suite 1600, 1555 Poydras Street, New Orleans, Louisiana

pursuant to the Federal Rules of Civil Procedure:

The instructions and definitions contained in the Interrogatories served simultaneously with this Request, apply unless otherwise stated.

1.

All condition and valuation surveys performed on the Barge in the five (5) years preceding the craft's designation to transport the steel coils to Memphis.

2.

All damage surveys performed on the Barge at any time preceding the craft's designation to transport the steel coils to Memphis.

3.

The full and complete maintenance records on the Barge.

4.

All documents including but not limited to surveys, evidencing any aspect and/or condition of the Barge at the time the craft was designated to transport the steel coils to Memphis.

5.

All photographs, videographs, computer simulations and/or other visual renderings depicting any aspect and/or the condition of the Barge at the time the craft was designated to transport the steel coils to Memphis.

6.

All documents containing restrictions, limitations, *etc.* on the loading procedures and/or methods to be observed and/or followed in loading the steel coils.

7.

All photographs, videographs, computer simulations and/or other visual renderings depicting

any aspect of the loading of the steel coils by COASTAL CARGO COMPANY, INC.

8.

All documents including but not limited to surveys, evidencing any aspect and/or condition of Barge K-408 at the conclusion of the loading of the steel coils by COASTAL CARGO COMPANY, INC.

9.

All photographs, videographs, computer simulations and/or other visual renderings depicting any aspect and/or condition of the Barge at the conclusion of the loading of the steel coils by COASTAL CARGO COMPANY, INC.

10.

All documents describing, referring to and/or mentioning any and/or all draft readings on the Barge at the conclusion of the loading of the steel coils by COASTAL CARGO COMPANY, INC.

11.

All documents identifying, referring to and/or mentioning any and/or all persons who observed and/or informed you of any aspect of the loading of the steel coils by COASTAL CARGO COMPANY, INC.

12.

All documents identifying, referring to and/or mentioning any and/or all persons who at and/or following completion of loading of the steel coils in Barge K-408 by COASTAL CARGO COMPANY, INC. determined the Barge in its loaded condition could safely be taken in tow for Memphis.

13.

All documents including but not limited to surveys, evidencing any aspect of the condition of the Barge while in tow to Memphis.

14.

All photographs, videographs, computer simulations and/or other visual renderings depicting any aspect of the condition of the Barge while in tow to Memphis.

15.

All logs of all towboats whether line, harbor, fleet or otherwise, in whose tow the Barge was at any time from the time the craft was designated to transport the steel coils to Memphis until the coils were discharged from the Barge.

16.

All documents describing, referring to and/or mentioning any accidents, incidents, *etc.* involving the Barge and/or steel coils from the time the coils were loaded by COASTAL CARGO COMPANY, INC. in the Port of New Orleans until their removal at Memphis.

17.

All photographs, videographs, computer simulations and/or other visual renderings of the Barge from and after the craft's arrival in Memphis until all the coils were discharged.

18.

All photographs, videographs, computer simulations and/or other visual renderings of the steel coils from and after Barge K-408's arrival in Memphis until all the coils were discharged.

19.

All documents generated, produced, prepared, *etc.* in connection with discharge of the steel

coils at Memphis.

20.

All photographs, videographs, computer simulations and/or other visual renderings of the Barge and/or cargo taken, produced, created, *etc.* in connection with discharge of the steel coils at Memphis.

21.

All photographs, videographs, computer simulations and/or other visual renderings of the Barge and/or steel coils in its and/or their allegedly damaged condition.

22.

All documents including but not limited to surveys, repair itemizations or estimates, invoices, *etc.* (not previously produced) evidencing any and/or all portions of the work performed, required, necessary and/or deemed advisable to the Barge in connection with the incident which is the basis of plaintiff's Complaint.

23.

A list of the complete name, address, occupation and employer of each person who will or may be called as a fact witness at trial.

24.

All documents, records and/or things which may or will be utilized in connection with the testimony of any and all witnesses in support of the allegations of fault of COASTAL CARGO COMPANY, INC. asserted in your Cross Claim.

25.

Any and all documents, records and/or things any portion of whose substance supports the

allegations of fault of COASTAL CARGO COMPANY, INC. asserted in your Cross Claim.

26.

A list of the complete name, address, occupation and employer of each person who will or may be called as an expert witness at trial.

27.

All documents including but not limited to reports discussing facts and/or conclusions of all experts who will or may be called as witnesses at trial.

28.

All documents, on any portion of whose substance any expert may rely to any extent in reaching any opinion and/or testifying to an opinion as to the sequence of events by and/or through which the coils in Barge K-408 became wet and rusted as well as the cause of those events.

29.

All documents, on any portion of whose substance any expert may rely to any extent in reaching any opinion and/or testifying to an opinion of fault of COASTAL CARGO COMPANY, INC. as asserted in your Cross Claim.

Respectfully submitted,

_C L Nh_

Charles Hooker # 8417
Suite 1600
1555 Poydras Street
New Orleans, Louisiana 70112
Telephone:     (504) 587-1100
Facsimile:     (504) 587-1107

Counsel for COASTAL CARGO COMPANY, INC.

Page 6 of 7 Pages

## CERTIFICATE OF SERVICE

I certify this Request for Production and Inspection has been served on all counsel of record by deposit of a copy with the United States Postal Service properly addressed, first class postage prepaid at New Orleans, Louisiana on May 11, 2000.

_____
Charles Hooker

8417-2

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

MACSTEEL INTERNATIONAL
USA CORPORATION

VS.

BARGE RF 347 B, its appurtenances, etc.
*in rem* and MIDWEST MARINE
MANAGEMENT COMPANY and
CELTIC MARINE CORPORATION,
*in personam*

CIVIL ACTION NO.   00-0585

JUDGE A. J. MCNAMARA
SECTION: "D"

MAGISTRATE JOSEPH C.
WILKINSON, JR. (2)

## RESPONSES TO REQUEST FOR PRODUCTION PROPOUNDED TO MIDWEST MARINE MANAGEMENT COMPANY BY COASTAL CARGO COMPANY

Comes now, defendant, Midwest Marine Management Company, and for response to Request for Production of Documents propounded by Coastal Cargo, Inc., avers:

NO. 1:  These records are unavailable at this time but have been requested and produced when received.

NO. 2:  See No. 1.

NO. 3:  See No. 1.

NO. 4:  See No. 1.

<u>NO. 5</u>:  None such exist or are not known to this defendant.

<u>NO. 6</u>:  See No. 5.

<u>NO. 7</u>:  See No. 5.

<u>NO. 8</u>:  See No. 5.

<u>NO. 9</u>:  See No. 5.

<u>NO. 10</u>:  See No. 5.

<u>NO. 11</u>:  See No. 5.  Celtic Marine Co., Inc., who it is believed hired Coastal Cargo may have such documents.

<u>NO. 12</u>:  See No. 11.

<u>NO. 13</u>:  See No. 11.

<u>NO. 14</u>:  See No. 11.

<u>NO. 15</u>:  Unavailable to this defendant but will be requested.

<u>NO. 16</u>:  See reports of C. Mark Ledet of Merrill Marine Services, Inc. attached and produced in Response to Request No. 16.

<u>NO. 17</u>:  Unknown to this defendant.

<u>NO. 18</u>:  See No. 17.

<u>NO. 19</u>:  See No. 16.

<u>NO. 20</u>:  See No. 17.

<u>NO. 21</u>:  See No. 17.  Plaintiff may have such photographs.

<u>NO. 22</u>:  See No. 16.

NO. 23: C. Mark Ledet, surveyor, Merrill Marine Services, Inc., 12231 Manchester Road, St. Louis, Missouri 63131. Other witnesses, whose names are presently unknown will be added as discovery progresses.

NO. 24: See No. 16.

NO. 25: See No. 16.

NO. 26: Unknown at this time but C. Mark Ledet may be called as an expert in addition to a fact witness.

NO. 27: See No. 16.

NO. 28: No such documents are known at this time.

NO. 29: See No. 28.

Respectfully submitted,

RENE' S. PAYSSE, SR. (B.R. #10367)
KENNETH P. BORDELON (B.R. #24306)
COURTENAY, FORSTALL, HUNTER &
FONTANA
730 Camp Street
New Orleans, Louisiana 70130
Telephone: 566-1801
Counsel for Defendant, Midwest Marine
Management Company

-3-

## CERTIFICATE OF SERVICE

I certify that the foregoing has been mailed to all counsel by placing a copy in the United States mail, postage prepaid and properly addressed, this 17th day of November, 2000.

RENE' S. PAYSSE, SR.

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

DONGKUK INTERNATIONAL, INC. and THE    *     CIVIL ACTION
CHUBB   GROUP   OF   INSURANCE *
COMPANIES                             *     NO.           00-272
                                            *
versus                                 *     SECTION     " R "   ( 2 )
                                            *
COASTAL   CARGO   COMPANY,   INC.   and *     Judge         SARAH S. VANCE
MIDWEST   MARINE   MANAGEMENT *
COMPANY                             *     Magistrate    Lance M. Africk
* * * * * * * * * * * * * * * * * * * *

## LOCAL RULE 37.1 E CERTIFICATE

A discovery conference was scheduled 29 December 2001. Opposing counsel left a message on 28 December 2000 that he was enabled to attend the conference but he had requested information from his client and would contact counsel Tuesday, 2 January 2001.

_____
Charles Hooker

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

DONGKUK INTERNATIONAL, INC. and THE  *   CIVIL ACTION
CHUBB  GROUP  OF  INSURANCE *
COMPANIES                    *   NO.           00-272
                                    *
versus                            *   SECTION    " R "  ( 2 )
                                    *
COASTAL  CARGO  COMPANY,  INC. and *   Judge        SARAH S. VANCE
MIDWEST  MARINE  MANAGEMENT *
COMPANY                      *   Magistrate   Lance M. Africk
* * * * * * * * * * * * * * * * * *  *

## N O T I C E

TO:    MIDWEST MARINE MANAGEMENT COMPANY
          through its counsel of record
          Mr. René S. Paysse
          Suite 1540 - Texaco Center
          400 Poydras Street
          New Orleans, Louisiana 70130

Please take notice that COASTAL CARGO COMPANY, INC. will bring its Motion to

Compel Discovery on for hearing without oral argument before the Honorable Lance M. Africk,

United States Magistrate Judge, Room B305, Hale Boggs Federal Building, 501 Magazine Street,

New Orleans, Louisiana 70130 on Wednesday, January 17, 2001 at 9.00 o'clock a.m.

New Orleans, Louisiana, December 29, 2000.

Respectfully submitted,

Charles Hooker # 8417
Suite 1600
1555 Poydras Street
New Orleans, Louisiana 70112
Telephone:    (504) 587-1100
Facsimile:    (504) 587-1107

Counsel for Mover

## CERTIFICATE OF SERVICE

I certify this Motion to Compel Discovery, Supporting Memorandum, Local Rule 37.1E Certificate and Notice have been served on all counsel of record by deposit facsimile transmission on December 29, 2000.

_____
Charles Hooker