FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2001 JUN 18  PM 4: 23

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DONGKUK INTERNATIONAL, INC. and THE CHUBB GROUP OF INSURANCE COMPANIES, | * * * * | CIVIL ACTION |
| Plaintiffs, | * * | NO.: 00-272 |
| VERSUS | * * | SECTION "R" |
| COASTAL CARGO COMPANY, INC. and MIDWEST MARINE MANAGEMENT COMPANY, | * * * * | MAGISTRATE 3 |
| Defendants. | * * | |

* * * * * * * * * * * * * * * * * * * * * *

## PLAINTIFF'S SETTLEMENT STATEMENT

MAY IT PLEASE THE COURT:

This matter involves damage to a shipment of fifty-five (55) coils of cold rolled steel owned by Dongkuk International, Inc. which, on or about October 14, 1998 were loaded aboard Midwest Marine Management Barge K-408 by Coastal Cargo Company for transport from New Orleans, Louisiana to Memphis, Tennessee. During

transit, the coils sustained damage amounting to $416,305.83 as an apparent result of flooding in the cargo holds. Insuring the loss, the Chubb Group of insurance companies paid the claim of Dongkuk International, Inc., and is now entitled as subrogee to recover from defendants.

## DISCUSSION

Plaintiffs, Dongkuk International, Inc. and Chubb Group of Insurance Companies are entitled to make full recovery for all losses sustained as a result of the incident sued upon. First, it is important to note that in light of the fact that the cargo at issue had been offloaded from the M/V GOLDEN VENTURE to Midwest Marine Management Barge K-408 in good order prior to the incident causing the damage, the Carriage of Goods by Sea Act (COGSA) does not apply.[1] Rather, either the Harter Act[2] or the Interstate Commerce Act[3] will apply. Under both of these statutes, the claimant need only make a *prima facia* case that the cargo at issue was loaded aboard the barge in undamaged

---

[1] See, 46 U.S.C. § 1301(e) (the term "carriage of goods" covers the period from the time when the goods are loaded on to the time when they are discharged from the ship.) See also, *United States v. Ultramar Shipping Company*, 685 F. Supp. 887 (S.D.N.Y. 1988) (where cargo is discharged from an ocean going freighter to a lighter or barge in mid river for transport upriver to its final destination, the Harter Act applies.)

[2] 46 U.S.C. 190 *et seq*.

[3] 49 U.S.C. 14706, *et seq*.

condition and was discharged from the barge in a damaged condition. [4]

In the instant matter it is undisputed that the cargo at issue was loaded aboard Midwest Marine Management Barge K-408 by Coastal Cargo Company in undamaged condition, and that the cargo was delivered to Memphis in a damaged condition. Thus, insofar as plaintiffs can establish a *prima facia* case of negligence against Midwest Marine Management and/or Coastal Cargo Company, they are entitled to full recovery for damages sustained.

## SETTLEMENT POSITION

Because the burden will be on the defendants to exonerate themselves, and in light of the obvious damage sustained by plaintiffs, plaintiffs are entitled to full recovery.

---

[4] See, 46 U.S.C. § 193; 49 U.S.C. § 14706; *Frosty Land Foods, Intern., Inc. v. Refrigerated Transport Company, Inc.*, 613 F.2d. 1344 (5th Cir. 1980); *Plough, Inc. v. Mason and Dixon Lines*, 630 F.2d. 468 (6th Cir. 1980).

Respectfully submitted,

McALPINE & COZAD

_____
MICHAEL L. McALPINE (Bar #09195)
FRANKLIN H. JONES, III, T.A.(Bar #07480)
L. STEPHEN COX (#26007)
701 South Peters, Suite 300
New Orleans, Louisiana 70130
Telephone: (504) 561-0323
Facsimile: (504) 528-9442
Attorneys for Plaintiffs, Dongkuk International, Inc. and
The Chubb Group of Insurance Companies

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing has been served upon all counsel of record on this 18th day of June, 2001, by depositing same in the U.S. Mail, postage prepaid and properly addressed.

_____

LSC/kpc/56245                                                                                         0392-5776